STATE OF VERMONT
WASHINGTON COUNTY

FILED

2008 JUL 18 A 10: 06

SUPERIOR COURT
WASHINGTON COUNTY

| | | |
|---|---|---|
| STATE OF VERMONT | ) | |
|     Plaintiff, | ) | Washington Superior Court |
| | ) | Docket No. 27-1-04 Wncv |
| v. | ) | |
| | ) | |
| HOWE CLEANERS, INC., et al., | ) | |
|     Defendants. | ) | |

## DECISION
### TD Banknorth's Motion for Sanctions, filed April 28, 2008

This is TD Banknorth's second motion for sanctions based on essentially the same conduct, the State's failure to provide, in discovery, the evidentiary basis for its claim against TD Banknorth.

TD Banknorth originally requested discovery sanctions against the State in a motion filed on November 13, 2006. In that motion, TD Banknorth sought an order prohibiting the State from using evidence that it should have disclosed in a Rule 30(b)(6) deposition that it unilaterally cancelled. In the first motion, TD Banknorth did not seek attorneys' fees or any sanctions other than preclusion of the use of evidence. In fact, in its December 14, 2006 reply memorandum in support of sanctions, TD Banknorth explicitly disclaimed any request for monetary sanctions related to "time wasted due to the State's failure to appear at the 30(b)(6) deposition."

The court granted the sanctions request in an entry order dated May 21, 2007, referred to as the 'preclusion ruling.' The court precluded the State from using evidence "that should have been provided in accordance with Judge Toor's Order of June 8, 2006." No other sanctions were requested, and none were ordered.

Following the sanction, the State sought reconsideration of the preclusion ruling, unsuccessfully, and TD Banknorth sought summary judgment on the State's claims against it. Summary judgment was granted to TD Banknorth as the State did not have sufficient non-precluded evidence to support its claim.

On April 28, 2008, TD Banknorth filed its second motion for sanctions, which is the one presently before the court. In this motion, TD Banknorth argues that it is entitled to attorneys' fees that it has incurred in defending against the State's claim since the failed Rule 30(b)(6) deposition. TD Banknorth characterizes its claim as follows:

> It is the attorney's fees and expenses expended by the Bank to defend against the State's unrelenting pursuit of a presumptively non-existed case that the Bank seeks to recover [with] the current motion.

1

Those fees and expenses were incurred in achieving the recent grant of summary judgment; thus, a motion seeking them now is timely and appropriate. The fees and expenses are all related to and stem from the State's initial violation of this Court's order to appear at the deposition and reveal whatever evidence it had to establish its claims against the Bank.

TD Banknorth's Reply (filed June 2, 2008) at 4. As authority for this request, TD Banknorth cites Rule 37(b)(2) and (d).

V.R.C.P. 37 (b)(2) authorizes a number of sanctions for noncompliance with a discovery order, including, in addition to preclusion, attorney's fees caused by the failure to obey a discovery order. There are, however, two problems with TD Banknorth's request.

One is that TD Banknorth did not seek attorneys' fees when it originally requested sanctions for discovery non-compliance. It waived any request for monetary sanctions under Rule 37(b) when it expressly limited its request for relief in relation to that motion. To the extent that TD Banknorth is now seeking to amend the order by adding attorneys' fees, the motion is denied. Such a request is dramatically untimely and thereby unfair to the State. Nothing about the original sanctions motion or order left open the possibility of TD Banknorth expanding its request for relief by enlarging it so significantly. To allow a piecemeal approach to discovery sanctions is not only unfair to the State, such a practice would encourage unending motion practice over attorneys' fees related to discovery, thereby increasing the expense and delay of resolving cases through litigation.

The second problem is that the request is far broader than what is authorized by Rule 37(b). That rule authorizes an order for attorney's fees caused by "the failure" (emphasis added) [to obey a discovery order or provide Rule 30(b)(6) testimony]. TD Banknorth is explicit that it is asking for its attorneys' fees incurred in defending the State's claim as a whole ("the State's unrelenting pursuit of a presumptively non-existed case") following the cancelled Rule 30(b)(6) deposition. The grounds for the request are not limited to the failure to obey a discovery order, but are in the nature of a much broader claim, which may or may not be viable but is beyond the scope of Rule 37. The authority for attorneys' fees in Rule 37 (b) envisions attorneys' fees specifically related to a particular discovery violation. The nexus between the violation and the fees claimed in this case is not sufficiently clear to support TD Banknorth's request for over $118,000. The court declines to authorize attorneys' fees under Rule 37 (b) for such a broad request.

For the foregoing reasons, TD Banknorth's second Motion for Sanctions is denied.

Dated this 18th day of July 2008.

Mary Miles Teachout
Superior Court Judge

2